IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| PAUL ANTHONY BROWN | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No.1:15cv140 HSO-JCG |
| | § | |
| ROBERT JOHNSON, ET AL. | § | DEFENDANTS |

## REPORT AND RECOMMENDATIONS

BEFORE THE COURT is Plaintiff's Complaint [1] filed April 27, 2015, pursuant to Title 42 U.S.C. § 1981.  By Order [3] and Notice of this Court dated April 29, 2015, a screening hearing pursuant to 28 U.S.C. §1915 was scheduled for May 18, 2015, at 1:30 p.m.   The purpose of this hearing was to make additional inquiry regarding Plaintiff's Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. §1915(a)(1)[1].  On May 18, 2015, at 1:30 p.m., the Court convened and commenced with the docket.  Plaintiff Brown was not present in the courtroom or surrounding areas. It is the opinion of the undersigned Magistrate Judge that cause number 1:15cv140 HSO-JCG, filed by Mr. Paul Anthony Brown, should be dismissed pursuant to FED. R. CIV. P. 41(b) for the reasons that follow.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff Paul Anthony Brown filed his Complaint [1] on April 27, 2015,

---

[1] 28 U.S.C. §1915. Proceedings in forma pauperis
(a)(1) . . . any court of the United States may authorize the commencement of a civil action without prepayment of court fees if the litigant submits an application and proof that he is unable to pay such fees.

naming the City of Bay St. Louis and the NAACP as Defendants.  Plaintiff Brown also filed a Motion [2] for Leave to Proceed In Forma Pauperis.  On April 29, 2015, the Court entered an Order [3] Setting Screening Hearing for May 18, 2015, at 1:30 p.m. and docketed a Notice of Hearing.  The purpose of this hearing was to make additional inquiry regarding Plaintiff's financial information set forth in his Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. §1915(a)(1).  That same day, a copy of the Order and Notice of Hearing was mailed to Plaintiff's address of record via USPS certified mail, article number 7009 1410 0000 7087 3238.  The Order warned Plaintiff that "if he fails to appear at the screening hearing, this case may be dismissed without prejudice and without further notice to Plaintiff." Order [3] at p. 2.  On May 1, 2015, Plaintiff filed an Amended Complaint [4].

Pursuant to the Court's Order [3], on May 18, 2015, at 1:30 p.m., the Court convened to conduct the scheduled hearing.  At approximately 1:40 p.m., the Court called Plaintiff's case and Plaintiff Brown was not present in the courtroom or surrounding areas.  At the direction of the undersigned, a Court Security Officer ["CSO"] was sent in an attempt to locate the Plaintiff.  The CSO reported that he checked the surrounding areas and was unable to locate the Plaintiff.

Following the hearing, an Order to Show Cause [5] was entered directing Plaintiff to file a written response showing cause for his failure to comply with the Court's Order [3] Setting Hearing, and why his lawsuit should not be dismissed for failure to prosecute.  In that Order, Plaintiff was once again warned that should he fail to file a written response, this lawsuit could be dismissed without prejudice and

without further notice.  Order to Show Cause [5] at p. 2. On May 18, 2015, a copy of the Court's Show Cause Order was mailed to Plaintiff's address of record via USPS certified mail, article number 7009 1410 0000 7087 3283.[2]

To date, Plaintiff has not complied with the directives set forth in the Order to Show Cause.  Plaintiff's failure to communicate coupled with his failure to arrive and present his case indicates a lack of interest in pursuing this claim.

## II. DISCUSSION

Upon review of the docket, it is evident that Plaintiff has failed to comply with the Court's Orders.  All Orders and notices were mailed to the address provided by Plaintiff.   Since June 2, 2015, the date reflected in the Acknowledgment of Receipts, Plaintiff has in no way communicated with the Court or inquired as to the status of his case.  Plaintiff's failure to communicate with this Court coupled with his failure to arrive and present his case indicates a lack of interest in and/or an inability to  pursue his case.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court may also "dismiss an action *sua sponte* under Rule 41(b) for failure to comply

---

[2]Acknowledgment of Receipt [6] and Acknowledgment of Receipt [7] reflect Plaintiff's name on the signature line as the addressee and June 2, 2015, as the date of delivery.

with a court order." *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996), *citing McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link, supra*, 370 U.S. at 630. A dismissal for failure to prosecute is an inherent power to be exercised in the discretion of the district court. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995).

The Court's Orders were explicit and Plaintiff was admonished in the Court's May 18, 2015, Order that his failure to comply could result in the dismissal of his case without further notice. Order to Show Cause [5] at p. 2. Based on the information and record before the Court, Plaintiff has failed to comply with previous Orders and has otherwise failed to prosecute this case.

### III.  RECOMMENDATION

For the reasons stated, the undersigned is of the opinion that the record, as a whole, supports a finding of Plaintiff's failure to prosecute this case under Rule 41(b) of the Federal Rules of Civil Procedure. Therefore, the undersigned recommends that the Complaint filed by Mr. Paul Anthony Brown, against the Defendants be **DISMISSED** pursuant to FED. R. CIV. P. 41(b).

IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SO ORDERED** this the 1st day of July, 2015.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE