IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PAUL ANTHONY BROWN**                                                          **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 1:15-cv-140-HSO-JCG**

**CITY OF BAY SAINT LOUIS, MISSISSIPPI,** *et al.*                **DEFENDANTS**

### ORDER ADOPTING REPORT AND RECOMMENDATIONS, AND DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE

This matter comes before the Court on the Report and Recommendations [8] of United States Magistrate Judge John C. Gargiulo, entered in this case on July 1, 2015. The Magistrate Judge recommended that Plaintiff Paul Anthony Brown's Complaint be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Report and Recommendations [8] at 4. After due consideration of the Report and Recommendations [8], the record, and relevant legal authorities, the Court finds that Plaintiff's claims asserted in this civil action should be dismissed without prejudice.

### I. BACKGROUND

On April 27, 2015, Plaintiff Paul Anthony Brown ("Plaintiff") filed a Complaint [1] against Defendant City of Bay Saint Louis, Mississippi, and a Motion to Proceed *in Forma Pauperis* [2]. Plaintiff filed an Amended Complaint [4] on May 1, 2015, adding NAACP as a Defendant.

On April 29, 2015, the Magistrate Judge entered an Order [3] setting a screening hearing for Monday, May 18, 2015, at 1:30 p.m, in order "to allow

Plaintiff an opportunity to state with more definiteness the factual and legal bases for his claims" and for the Court to determine whether Plaintiff should be allowed to proceed *in forma pauperis*. Order [3] at 1-2. In that Order [3], "Plaintiff [was] warned that if he fail[ed] to appear at the screening hearing, this case may be dismissed without prejudice and without further notice to Plaintiff." Order [3] at 2. A copy of the Order [3] was mailed to Plaintiff via certified mail return receipt requested on April 29, 2015. The return receipt [6] reflects that Plaintiff did not claim the envelope containing the Order [3] until June 2, 2015. Plaintiff did not appear at the May 18, 2015, screening hearing.

On May 18, 2015, the Magistrate Judge entered an Order to Show Cause Why This Case Should Not Be Dismissed for Plaintiff's Failure to Prosecute [5]. The Magistrate Judge directed Plaintiff to file a written response on or before May 26, 2015, to show cause for his failure to appear at the screening hearing and failure to comply with the Court's Order [3] setting the screening hearing. Order [5] at 2. Plaintiff was warned that should he "fail to file a written response by May 26, 2015, this lawsuit may be dismissed without prejudice and without further notice to Plaintiff." *Id.* This Order [5] was mailed by certified mail return receipt requested to Plaintiff on May 18, 2015, but Plaintiff did not claim the envelope containing the Order [5] until June 2, 2015. Acknowledgment of Receipt [7] at 1.

On July 1, 2015, the Magistrate Judge entered a Report and Recommendations [8], recommending that Plaintiff's Complaint be dismissed for failure to prosecute. Report and Recommendations [8] at 4. A copy of the Report

and Recommendations was mailed to Plaintiff at his address of record via certified mail return receipt requested on July 1, 2015. On July 27, 2015, the envelope containing the Report and Recommendations was returned [9] as "unclaimed." Plaintiff has not objected to the Report and Recommendations, and the time for doing so has passed. Plaintiff has not filed anything in this case since he filed his Amended Complaint [4] on May 1, 2015, nearly three months ago.

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. However, even conducting a de novo review, the result here would not change. This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain

dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *See Link*, 370 U.S. at 629-30.

Plaintiff did not comply with the Orders entered by the Magistrate Judge even after being warned that failure to do so might result in the dismissal of his lawsuit.  Order [3] at 2; Order [5] at 2.  Plaintiff has filed nothing in this case since his Amended Complaint [4] was filed on May 1, 2015.  Such inaction represents a clear record of delay or contumacious conduct by Plaintiff.  It is apparent to the Court that Plaintiff no longer wishes to pursue this lawsuit.  Dismissal without prejudice is warranted.  For the foregoing reasons, the Court will adopt the Magistrate Judge's Report and Recommendations [8] as the opinion of this Court.  Plaintiff's claims against Defendants will be dismissed without prejudice for failure to prosecute and for failure to comply with the Court's Orders.

### III.  CONCLUSION

For the reasons stated herein, the Court will adopt the Magistrate Judge's Report and Recommendations as the opinion of this Court and will dismiss without prejudice Plaintiff's claims for failure to prosecute and for failure to comply with the Court's Orders.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendations [8] of United States Magistrate Judge John C. Gargiulo, entered in this case on July 1, 2015, is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Paul Anthony Brown's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**. A separate judgment in accordance with this Order will be entered, as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 30th day of July, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE